IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LATOYA D. SERBAN**
o/b/o RDJ, a minor,

              **Plaintiff,**

  v.

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

Case No. 2:14-cv-1770
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## **ORDER**

This action has been brought by Plaintiff, LaToya D. Serban, on behalf of R.D.J., a minor who sought supplemental security income.  Defendant, the Commissioner of Social Security, denied the application, and Plaintiff subsequently sought relief from this Court.  In an October 13, 2015 Report and Recommendation, the Magistrate Judge recommended that the Court overrule Plaintiff's statement of errors and enter judgment in favor of Defendant.  (ECF No. 16, at Page ID # 726.)  The matter is now before the Court for consideration of Plaintiff's objections (ECF No. 17), to which Defendant has not filed a response.

Where, as here, a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Having engaged in such *de novo* review, this Court concludes that the Magistrate Judge properly addressed and disposed of Plaintiff's arguments in the Report and Recommendation. Plaintiff has essentially repeated those arguments in the objections, and this incorporates by reference the Magistrate Judge's dispositive rationale.

Plaintiff's first objection is that any error by the administrative law judge regarding R.D.J.'s visual impairment was not harmless, but instead tainted the entire analysis leading to the denial of benefits. Plaintiff contends that the failure of the administrative law judge to credit sufficiently the visual impairment meant that the sequential evaluation was flawed at step two and therefore every juncture thereafter. But this "taint" argument misses or incorrectly downplays two points set forth in the Magistrate Judge's analysis. One, despite Plaintiff's assertion to the contrary, it does not matter *why* R.D.J. played sports; what matters is that *he was able to play despite his visual impairment*. Two, the contention that the additional record indicating a decrease in R.D.J.'s vision would have changed the calculus is wholly speculative and is in fact unlikely under the circumstances presented here. This Court agrees with the Magistrate Judge that the administrative law judge should have presented a fuller discussion of the visual impairment, but the failure to do so does not present a prejudicial error. Ultimately, the Magistrate Judge correctly noted that there is simply no evidence in the administrative record leading to the conclusion that R.D.J. had specific limitations in his full field of vision. This punctures Plaintiff's "taint" argument and leads to the necessary conclusion that any visual-impairment error by the administrative law judge was therefore harmless. The Court overrules the first objection.

Plaintiff's second objection is that the administrative law judge failed to give the greatest weight to the opinion of treating physician Dr. Noor. The Magistrate Judge correctly noted that

the administrative law judge assigned little weight to a portion of the January 2013 opinion of Dr. Noor on the grounds that this part of the opinion conflicted with Dr. Noor's own treatment notes and the medical record.  The Magistrate Judge also correctly explained that a treating physician's opinions can be considered in the context of that physician's objective findings and other medical evidence.  That is what occurred here.  The record supports the administrative law judge's conclusions, which permissibly qualified the weight afforded to Dr. Noor's January 2013 opinion.  Because there is simply no evidence in the administrative record indicating that the change in R.D.J.'s medication did not result in better control of R.D.J.'s ADHD—and because substantial support exists in the record for the administrative law judge's determination—the administrative law judge properly devalued a portion of Dr. Noor's opinion.  The Court overrules the second objection.

    For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections (ECF No. 17), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 16), **OVERRULES** Plaintiff's statement of errors, and **AFFIRMS** Defendant's decision.  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

                                               /s/ Gregory L. Frost
                                               GREGORY L. FROST
                                               UNITED STATES DISTRICT JUDGE